IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIN MCFARLAND )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>KUTZTOWN AREA TRANSPORT )<br>SERVICE, INC. d/b/a KUTZTOWN )<br>AMBULANCE, )<br>)<br>Defendant. ) | CIVIL ACTION No. 02-CV-3730<br><br><br><br><br><br><br><br>Judge Mary A. McLaughlin |

**ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant Kutztown Area Transport Service, Inc. d/b/a Kutztown Ambulance ("Kutztown"), by and through its undersigned counsel, provides the following Answer to Complaint and Affirmative Defenses. Each numbered paragraph below corresponds to the like-numbered paragraph of the Complaint. Unless specifically admitted herein, each and every factual averment of the Complaint is denied.

**ANSWER AND FIRST DEFENSE**

JURISDICTION AND VENUE

1.      Admitted in part and denied in part. Kutztown admits that Plaintiff Erin McFarland ("Plaintiff") invokes the jurisdiction of this Court under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended. The remaining allegations contained within Paragraph 1 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Kutztown denies the allegations.  By way of further response, Kutztown denies that Plaintiff states a claim for any violation of Title VII (as amended by the Equal Employment Opportunity Act of 1972 and the Civil Rights Act of 1991), the Civil Rights Acts of 1991 and 1866, or any other relevant law.

1

2. The allegations contained in Paragraph 2 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Kutztown denies the allegations.

3. Denied.

4. Admitted in part and denied in part. Kutztown admits only that it transacts business within the Commonwealth, that it is engaged in intrastate commerce, and that its facility is located in Kutztown, Berks County, Pennsylvania. The remaining allegations contained within Paragraph 4 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Kutztown denies the allegations.

## PARTIES

5. Denied. Kutztown is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and, thus, the allegations contained within Paragraph 5 of the Complaint are denied.

6. Admitted.

7. Admitted.

8. The allegations contained in Paragraph 8 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Kutztown denies the allegations.

## FACTUAL BACKGROUND

9. Denied as stated.

10. Denied.

11. Denied.

12. Denied as stated.

13. Denied as stated. By way of further answer, Kutztown admits that it received a letter from Attorney Jeffrey Elliott on or about October 24, 2000, indicating that Herndon had initiated a sexual harassment complaint with the Pennsylvania Human Relations Commission and the Equal Employment Opportunity Commission.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. The allegations contained in Paragraph 22 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Kutztown denies the allegations.

<u>COUNT 1</u>
<u>RETALIATION UNDER SECTION 703 OF TITLE VII, 42 U.S.C. 2000e-2</u>

23. Kutztown incorporates Paragraphs 1 through 22 as if set forth in full herein.

24. Denied. The allegations contained in Paragraph 24 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Kutztown denies the allegations.

25. Denied. The allegations contained in Paragraph 25 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Kutztown denies the allegations.

26. Denied. The allegations contained in Paragraph 26 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Kutztown denies the allegations.

WHEREFORE, Kutztown denies that Plaintiff is entitled to any relief including that sought in the *ad damnum* clause, subparts (a) through (g), of the Complaint.

## COUNT II
## GENDER BASED DISCRIMINATION UNDER SECTION 703 OF TITLE VII, 42 U.S.C. 2000e-2

27. Kutztown incorporates Paragraphs 1 through 26 of its Answer as if set forth in full herein.

28. Denied. The allegations contained in Paragraph 28 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Kutztown denies the allegations.

29. Denied.

30. Denied. The allegations contained in Paragraph 30 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Kutztown denies the allegations.

31. Denied. The allegations contained in Paragraph 31 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Kutztown denies the allegations.

WHEREFORE, Kutztown denies that Plaintiff is entitled to any relief including that sought in the *ad damnum* clause, subparts (a) through (g), of the Complaint.

## COUNT III
## WRONGFUL TERMINATION

32. Kutztown incorporates Paragraphs 1 through 31 of its Answer as if set forth in full herein.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied. The allegations contained in Paragraph 37 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Kutztown denies the allegations.

38. Denied. The allegations contained in Paragraph 38 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Kutztown denies the allegations.

39. Denied. The allegations contained in Paragraph 39 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Kutztown denies the allegations.

WHEREFORE, Kutztown denies that Plaintiff is entitled to any relief including that sought in the *ad damnum* clause, subparts (a) through (g), of the Complaint.

## COUNT V[1]
## NEGLIGENCE

40. Kutztown incorporates Paragraphs 1 through 39 of its Answer as if set forth in full herein.

41. Denied.

42. Denied.

43. The allegations contained in Paragraph 43 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Kutztown denies the allegations.

44. Denied.

45. The allegations contained in Paragraph 45 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Kutztown denies the allegations.

    (a) Denied.

    (b) Denied.

    (c) Denied.

    (d) Denied.

    (e) Denied.

    (f) Denied.

    (g) Denied.

46. Denied. The allegations contained in Paragraph 46 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Kutztown denies the allegations.

47. Denied. The allegations contained in Paragraph 47 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Kutztown denies the allegations.

---

[1] The Complaint filed by Plaintiff does not contain a Count IV.

48. Denied. The allegations contained in Paragraph 48 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Kutztown denies the allegations.

49. Denied. The allegations contained in Paragraph 49 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Kutztown denies the allegations.

WHEREFORE, Kutztown denies that Plaintiff is entitled to any relief including that sought in the *ad damnum* clause, subparts (a) through (g), of the Complaint.

## OTHER AFFIRMATIVE DEFENSES

### *SECOND DEFENSE*

1. Plaintiff fails to state a claim upon which relief may be granted under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Civil Rights Act of 1866, negligence, wrongful termination and constructive discharge, the Equal Employment Opportunity Act of 1972, or any other federal, state, local or common law.

### THIRD DEFENSE

2. All employment actions taken by Kutztown relative to Plaintiff were based on reasonable factors and not in unlawful retaliation for any alleged protected activity or based upon the Plaintiff's gender, or based upon any other factors prohibited by law.

### FOURTH DEFENSE

3. Kutztown at all times exercised reasonable care in response to any complaints it may have received concerning alleged unlawful activity.

### FIFTH DEFENSE

4. Defendants aver, solely for purposes of preserving a defense pending further investigation, that Plaintiff failed to exhaust her administrative remedies with the Pennsylvania Human Relations Commission and the Equal Employment Opportunity Commission.

### SIXTH DEFENSE

5. The conduct alleged by Plaintiff is not sufficiently severe or pervasive to rise to the level of actionable gender based discrimination under Title VII of the Civil Rights Act of 1964, as amended.

### SEVENTH DEFENSE

6. Even if Plaintiff was subject to discrimination based on her gender, which Kutztown specifically denies, Kutztown exercised reasonable care to correct and prevent any alleged unlawful discrimination, and Plaintiff unreasonably refused to take advantage of any preventative or corrective opportunities provided by Kutztown or to avoid harm or otherwise.

### *EIGHTH DEFENSE*

7. Kutztown avers, solely for purposes of preserving a defense pending further investigation, that Plaintiff has failed to mitigate her damages by using reasonable diligence to locate and obtain alternate employment.

### *NINTH DEFENSE*

8. Defendant avers, solely for purposes of preserving a defense pending further investigation, that Plaintiff did not engage in any lawfully protected activity.

### *TENTH DEFENSE*

9. Mr. Evans is not a Supervisor within the meaning of Title VII of the Civil Rights Act of 1964, as amended, and consequently there can be no *respondeat superior* or vicarious liability for his alleged actions.

### *ELEVENTH DEFENSE*

10. Plaintiff's claims are not cognizable claims and are further barred by the exclusivity provisions of the Pennsylvania Workers' Compensation Act.

WHEREFORE, Kutztown respectfully requests that this Court enter judgment against Plaintiff as to each and every Count in the Complaint, enter judgment in favor of Kutztown, and require Plaintiff to pay Kutztown for the attorney's fees and costs it reasonably expends in its defense of this action.

                                Respectfully submitted,

Dated: October 3, 2002            _____

                                Stephen R. Wirth, Esquire
                                Attorney ID No. 73005
                                Douglas M. Wolfberg, Esquire
                                Attorney ID No. 77959
                                Christina M. Mellott, Esquire
                                Attorney ID No. 81369

                                PAGE, WOLFBERG & WIRTH, LLC
                                5010 East Trindle Road, Suite 202
                                Mechanicsburg, PA 17050
                                (717) 691-0100

                                Attorneys for Defendant, Kutztown Area Transport Service, Inc. d/b/a Kutztown Ambulance